UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LORANZO THOMAS,

      Petitioner,

v.                                                  Case No:  6:16-cv-1125-Orl-28GJK
                                                        (6:10-cr-35-Orl-28GJK)

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

This cause is before the Court on the Amended Motion to Vacate, Set Aside, or Correct Sentence ("Amended Motion to Vacate," Doc. 20) filed by Petitioner pursuant to 28 U.S.C. § 2255.  Petitioner also filed a Memorandum of Law (Doc. 23) in support of the Amended Motion to Vacate.  The Government filed a Response in Opposition to the Motion to Vacate ("Response," Doc. 24) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*.  Petitioner filed a Reply (Doc. 26) to the Response.  For the following reasons, the Court concludes that Petitioner is not entitled to relief on his claims.

### I.    PROCEDURAL BACKGROUND

A Grand Jury charged Petitioner and another individual by indictment as follows: (1) conspiracy to commit Hobbs Act robbery and bank robbery, in violation of 18 U.S.C. § 371 (Count One); (2) Hobbs Act robbery while aiding and abetting each other, in

violation of 18 U.S.C. §§ 1951(a) and (b) and 18 U.S.C. § 2 (Count Two); (3) using and carrying of a firearm during and in relation to, and possessing a firearm in furtherance of, the "crime of violence" charged in Count Two, while aiding and abetting each other, in violation of 18 U.S.C. §§ 924(c) and 18 U.S.C. § 2 (Count Three); (4) attempted Hobbs Act robbery while aiding and abetting each other, in violation of 18 U.S.C. § 1951(a) and (b) and 18 U.S.C. § 2 (Count Four); and (5) using and carrying of a firearm during and in relation to, and possessing a firearm in furtherance of, the "crime of violence" charged in Count Four, while aiding and abetting each other, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 3 (Count Five).  (Criminal Case No. 6:10-cr-35-Orl-28GJK, Doc. 1).[1]

Petitioner entered a guilty plea to all five counts without a plea agreement.  The Court held a Change of Plea Hearing and accepted the plea.  (Criminal Case, Doc. 198 at 30).  The Court then entered a Judgment (Criminal Case, Doc. 75) in which Petitioner was sentenced to imprisonment for a total term of 163 months, to be followed by supervised release for a total term of 3 years.  The Eleventh Circuit Court of Appeals affirmed the convictions and sentences.  (Criminal Case, Doc. 113).

## II.   LEGAL STANDARD

Section 2255 permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence.  28 U.S.C. § 2255(a).  A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would

---

[1] Criminal Case No. 6:10-cr-35-Orl-28GJK will be referred to as "Criminal Case."

entitle him to relief."  *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (citation and

quotation omitted).  However, "a defendant must support his allegations with at least a

proffer of some credible supporting evidence."  *United States v. Marsh*, 548 F. Supp. 2d

1295, 1301 (N.D. Fla. 2008).  The Court "is not required to grant a petitioner an evidentiary

hearing if the § 2255 motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief."  *Rosin*, 786 F.3d at 877 (citation and quotation

omitted).

### III.   ANALYSIS

Petitioner raises two claims both of which state the same thing:  "[c]onvicting [him]

on counts 3 and 5 based on the 'substantial risk' residual clause of 18 U.S.C. 924(c)(3)(B)

violated due process."  (Doc. 20 at 3-4).  Petitioner argues that in

> *Davis*, the Supreme Court applied the rule announced in *Johnson* to
> the residual clause in § 924(c) and struck down § 924(c)(3)(B) as
> unconstitutionally vague.  139 S. Ct. at 2336.  As such, Mr. Thomas's
> convictions for aiding and abetting § 924(c) (Counts Three and Five)
> are valid only if the predicate offenses (Counts Two and Four,
> respectively) qualify as 'crimes of violence' under § 924(c)(3)(A), the
> elements clause.  Mr. Thomas's predicate offenses are aiding and
> abetting an attempted or completed Hobbs Act robbery (Counts Two
> and Four).

(Doc. 23 at 5-6). Petitioner then avers that aiding and abetting Hobbs Act robbery does

not satisfy the elements clause of § 924(c)(3)(A) and that the Eleventh Circuit Court of

Appeals' decision in *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) was wrongly decided

and is not binding precedent.  (Doc. 23 at 6-11).  According to Petitioner, aiding and

3

abetting is not a crime of violence under the elements clause of § 924(c)(3)(A) and his convictions for Count Three and Five were unconstitutional.  (*Id*. at 12).

In *In re Colon*, 826 F.3d at 1301, 1305 (11th Cir. 2016), the Eleventh Circuit Court of Appeals determined that aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)(3)(A) because a substantive conviction of Hobbs Act robbery is a crime of violence.

Subsequently, in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. However, after the *Davis* decision, the Eleventh Circuit Court of Appeals determined that "Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) qualifies as a crime of violence under the elements § 924(c)(3)(A)'s element clause."  *See In re Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019) (citing *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016); *see also United States v. McCain*, 782 F. App'x 860, 862 (11th Cir. 2019) ("Hobbs Act robbery — the statute underlying both of McCain's predicate convictions — qualifies as a "crime of violence" under § 924(c)(3)(A)'s elements clause.").  Moreover, the Eleventh Circuit has also held that "aiding and abetting Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause."  *Mack v. United States*, No. 19-11138-H, 2019 WL 2725846, at *1 (11th Cir. May 22, 2019).  The *Mack* decision relied on *Colon*, and the Eleventh Circuit specifically stated that *Colon* "remains binding precedent."  *Id*.; *see also Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019) ("Because our prior

4

precedent in *In re Colon* binds us, we will quickly dispense with this claim and affirm the district court.").

Petitioner's convictions in Counts Three and Five were predicated on aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. § 1951. The Eleventh Circuit has determined that aiding and abetting Hobbs Act robbery categorically qualifies as a crime of violence under the elements clause of § 924(c)(3)(A). Petitioner's convictions, therefore, are valid despite *Davis*. As a result, Claims One and Two are denied, and the Amended Motion to Vacate will be denied.

Allegations not specifically addressed herein are without merit.

### IV.    CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus,

5

the Court will deny Petitioner a certificate of appealability.

## V.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      The Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. 20) is

**DENIED**.

2.      This case is **DISMISSED with prejudice**.

3.      Petitioner is **DENIED** a certificate of appealability.

4.      The Clerk of the Court is directed to enter judgment in favor of Respondent

and to close this case.  A copy of this Order and the judgment shall also be filed in criminal

case number 6:10-cr-35-Orl-28GJK.

5.      The Clerk of the Court is directed to terminate any related section 2255

motion filed in criminal case number 6:10-cr-35-Orl-28GJK.  (It appears that Criminal

Case Doc. 197 remains pending).

**DONE** and **ORDERED** in Orlando, Florida on August 4th, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record